## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SIZMEK INC., et al.,<br><br>           Debtors,<br>---------------------------------------------<br>JARED MCKINLEY KREINER, on behalf of himself and all others similarly situated,<br><br>           Plaintiffs,<br><br>           v.<br><br>SIZMEK INC.,<br><br>           Defendant. | Chapter 11<br><br>Case No. 19-10971 (SMB)<br><br><br><br>**SIZMEK INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ADVERSARY CLASS ACTION COMPLAINT**<br><br>**Adv. Case No. 19-01116-smb** |

## SIZMEK INC.'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' ADVERSARY CLASS ACTION COMPLAINT

Defendant Sizmek Inc. ("Defendant"), through its attorneys, hereby responds to Plaintiffs' Complaint as follows.

## PARAGRAPH NO. 1

Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Sizmek and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about January 31, 2019 and within ninety (90) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and not provided 90 days advance written notice, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts").

## ANSWER NO. 1

Defendant denies the allegations in Paragraph No. 1, including but not limited to the

allegations that Defendant terminated named plaintiff Jared McKinley Kreiner ("Kreiner")

without cause, that there are employees similarly situated to Kreiner, that Defendant had an

obligation to, or failed to, comply with the federal Worker Adjustment and Retraining

Notification Act ("WARN Act") and/or the New York Worker Adjustment and Retraining

Notification Act ("NY WARN Act"), and that this matter may proceed as a class action.

## PARAGRAPH NO. 2

Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Defendant.

## ANSWER NO. 2

Defendant admits that this action seeks to recover up to 60 days of wages and benefits on

behalf of Kreiner. Defendant denies that there are other employees similarly situated to Kreiner

and further denies the remaining allegations in Paragraph No. 2.

## PARAGRAPH NO. 3

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

## ANSWER NO. 3

Defendant admits the allegations in Paragraph No. 3.

## PARAGRAPH NO. 4

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## ANSWER NO. 4

Defendant admits the allegations in Paragraph No. 4.

## PARAGRAPH NO. 5

Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## ANSWER NO. 5

Defendant admits the allegations in Paragraph No. 5.

### PARAGRAPH NO. 6

Plaintiff Jared McKinley Kreiner was employed by Defendant as a Communications Manager and worked at the Defendant's facility located at 401 Park Avenue South, 5th Floor, New York (the "Manhattan Facility") until his termination on January 31, 2019.

### ANSWER NO. 6

Defendant admits that Kreiner was an employee of Defendant and worked at Defendant's facility located at 401 Park Avenue South, 5th Floor, New York ("Manhattan Facility") until his termination. Defendant denies the remaining allegations in Paragraph No. 6.

### PARAGRAPH NO. 7

Upon information and belief, Defendant Sizmek is a Delaware corporation with its principal place of business located at 401 Park Avenue South, 5th Floor, New York.

### ANSWER NO. 7

Defendant admits the allegations in Paragraph No. 7.

### PARAGRAPH NO. 8

Upon information and belief, in addition to the Manhattan Facility, Defendant operated and maintained other facilities in California, Connecticut, Florida, Georgia, Illinois, Michigan, Pennsylvania and Texas (together with the Manhattan facility, the "Facilities").

### ANSWER NO. 8

Defendant admits it operated and maintained facilities in California, Connecticut, Florida, Georgia, Illinois, Michigan, Pennsylvania, and Texas. Defendant denies the remaining allegations in Paragraph No. 8.

### PARAGRAPH NO. 9

Upon information and belief at all relevant times, Defendant owned, maintained and operated its business employing more than 400 employees at Facilities nationwide, and more than 100 in its Manhattan Facility, as that term is defined by the WARN Act.

### ANSWER NO. 9

Defendant admits that in early 2019 it employed approximately 400 employees nationwide and more than 100 employees in its Manhattan Facility. Defendant denies the remaining allegations in Paragraph No. 9, including, but not limited to, any allegations that purport to use terms defined by the WARN Act or the NY WARN Act.

### PARAGRAPH NO. 10

On or about January 31, 2019, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Manhattan Facility.

### ANSWER NO. 10

Defendant denies the allegations in Paragraph No. 10, including but not limited to the allegations that Plaintiff was employed by Defendant on January 31, 2019, and that there are employees similarly situated to Plaintiff.

### PARAGRAPH NO. 11

Upon information and belief, Defendant made the decision to terminate Plaintiff and other similarly situated employees on or about January 31, 2019.

### ANSWER NO. 11

Defendant denies the allegations in Paragraph No. 11.

### PARAGRAPH NO. 12

Defendant did not provide Plaintiff or the similarly situated employees with any advance written notice of their terminations prior to ordering the layoffs on or about January 31, 2019, or within 90 days of that date.

### ANSWER NO. 12

Defendant admits that it did not provide Kreiner with advance written notice of his termination. Defendant denies the remaining allegations in Paragraph No. 12.

### PARAGRAPH NO. 13

Upon information and belief, Defendant terminated at least 50 full time employees, as defined by the NY WARN Act, at its Manhattan Facility on or about January 31, 2019 or within 90 days of that date.

### ANSWER NO. 13

Defendant denies the allegations in Paragraph No. 13.

### PARAGRAPH NO. 14

On March 29, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

### ANSWER NO. 14

Defendant admits the allegations in Paragraph No. 14.

### PARAGRAPH NO. 15

After the petition filing, Defendant continued terminating employees similarly situated to Plaintiff in the mass layoff that commenced on or around January 31, 2019.

### ANSWER NO. 15

Defendant admits that it laid off employees after the petition filing. Defendant denies the remaining allegations in Paragraph No. 15, including but not limited to the allegations that such employees were similarly situated to Kreiner and that a "mass layoff" occurred.

### PARAGRAPH NO. 16

Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure 23(a) and (b), who worked at or reported to Defendant's Manhattan Facility and were terminated without cause on or about January 31, 2019 and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of such mass layoffs and/or plant closings and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

### ANSWER NO. 16

Defendant denies the allegations in Paragraph No. 16, including but not limited to the allegations that Defendant terminated Kreiner without cause, that other employees are similarly situated to Kreiner, that Defendant had an obligation to, and failed to, comply with the WARN Act, and that this matter may proceed as a class action.

### PARAGRAPH NO. 17

The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to exceed 50, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

### ANSWER NO. 17

Defendant denies the allegations in Paragraph No. 17.

### PARAGRAPH NO. 18

On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

### ANSWER NO. 18

Defendant admits that it has the names and recent residential addresses of its former employees. Defendant denies the remaining allegations in Paragraph No. 18.

### PARAGRAPH NO. 19

On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

### ANSWER NO. 19

Defendant admits that it has the rate of pay being paid, and benefits provided, to its former employees at the time of their separations from Defendant. Defendant denies the remaining allegations in Paragraph No. 19.

**PARAGRAPH NO. 20**

Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)    whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)    whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts;

(c)    whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and whether Defendant as a single employer violated the WARN Acts.

(d)    whether the Defendant as a single employer violated the WARN acts.

**ANSWER NO. 20**

Defendant denies the allegations in Paragraph No. 20 and denies that this matter may be

properly maintained as a class action.

**PARAGRAPH NO. 21**

The Plaintiff's claims are typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause on or about January 31, 2019, due to the mass layoffs and/or plant closings ordered by Defendant.

**ANSWER NO. 21**

Defendant denies the allegations in Paragraph No. 21 and denies that this matter may be

properly maintained as a class action.

**PARAGRAPH NO. 22**

At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

### ANSWER NO. 22

Defendant admits that it is an employer as that term is defined in 29 U.S.C. § 2101(a) and

20 C.F.R. § 639.3(a).  Defendant denies the remaining allegations in Paragraph No. 22.

### PARAGRAPH NO. 23

The Plaintiff will fairly and adequately protect the interests of the WARN Class.  The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

### ANSWER NO. 23

Defendant denies the allegations in Paragraph No. 23 and denies that this matter may be

properly maintained as a class action.

### PARAGRAPH NO. 24

Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

### ANSWER NO. 24

Defendant denies the allegations in Paragraph No. 24 and denies that this matter may be

properly maintained as a class action.

### PARAGRAPH NO. 25

Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

## ANSWER NO. 25

Defendant denies the allegations in Paragraph No. 25 and denies that this matter may be properly maintained as a class action.

## PARAGRAPH NO. 26

Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## ANSWER NO. 26

Defendant denies the allegations in Paragraph No. 26 and denies that this matter may be properly maintained as a class action.

## PARAGRAPH NO. 27

Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

## ANSWER NO. 27

Defendant incorporates by reference its responses to Paragraph Nos. 1 to 27.

## PARAGRAPH NO. 28

Plaintiff brings this Claim for Relief for violation of NYLL § 860 et seq., on behalf of himself and a class of similarly situated persons, pursuant to NYLL § 860-G (7).

## ANSWER NO. 28

Defendant denies the allegations in Paragraph No. 28.

## PARAGRAPH NO. 29

Plaintiff brings this as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), on behalf of himself and a putative class consisting of persons who worked at or reported to Defendant's Facilities and were terminated without cause on or about January 31, 2019, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about January 31, 2019, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

### ANSWER NO. 29

Defendant denies the allegations in Paragraph No. 29, including, but not limited to, the allegations that Defendant terminated Kreiner without cause, that other employees are similarly situated to Kreiner, that Defendant had an obligation to, and failed to, comply with the NY WARN Act, and that this matter may proceed as a class action.

### PARAGRAPH NO. 30

The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

### ANSWER NO. 30

Defendant denies the allegations in Paragraph No. 30 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 31

On information and belief, the identity of the class members, including each member's most recent residence address, is contained in the Defendant's books and records.

### ANSWER NO. 31

Defendant admits that it has the names and recent residential addresses of its former employees. Defendant denies the remaining allegations in Paragraph No. 31.

### PARAGRAPH NO. 32

On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his or her termination is contained in the Defendant's books and records.

## ANSWER NO. 32

Defendant admits that it has the rate of pay being paid, and benefits provided, to its former employees at the time of their separations from Defendant. Defendant denies the remaining allegations in Paragraph No. 32.

## PARAGRAPH NO. 33

Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

(a) whether the members of the NY WARN Class were employees of Defendant who worked at or reported to a covered site of employment;

(b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the WARN Act.

## ANSWER NO. 33

Defendant denies the allegations in Paragraph No. 33 and denies that this matter may be properly maintained as a class action.

## PARAGRAPH NO. 34

Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about January 31, 2019 as part of the mass layoffs and/or plant closings ordered by Defendant.

## ANSWER NO. 34

Defendant denies the allegations in Paragraph No. 34 and denies that this matter may be properly maintained as a class action.

## PARAGRAPH NO. 35

Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

### ANSWER NO. 35

Defendant denies the allegations in Paragraph No. 35 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 36

Class certification of these claims is appropriate because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

### ANSWER NO. 36

Defendant denies the allegations in Paragraph No. 36 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 37

Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

### ANSWER NO. 37

Defendant denies the allegations in Paragraph No. 37 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 38

Prosecuting and defending multiple actions would be impracticable.

### ANSWER NO. 38

Defendant denies the allegations in Paragraph No. 38 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 39

Managing a class action will not result in undue difficulties for the parties and the Court.

### ANSWER NO. 39

Defendant denies the allegations in Paragraph No. 39 and denies that this matter may be properly maintained as a class action.

### PARAGRAPH NO. 40

Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Fed. Rule Civ. P. 23.

### ANSWER NO. 40

Defendant denies the allegations in Paragraph No. 40 and denies that this matter may be properly maintained as a class action.

### CLAIM FOR RELIEF

### First Cause of Action:  Federal WARN Act
### (against all Defendants except Tilton)[1]

### PARAGRAPH NO. 51

Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

### ANSWER NO. 51

Defendant incorporates by reference its responses to Paragraph Nos. 1 to 40.

### PARAGRAPH NO. 52

At all relevant times, Defendant employed as many as 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

---

[1] Sizmek Inc. is the only Defendant in this matter.  Plaintiffs' reference to "all Defendants" and "Tilton" appears to be an error, which does not require a response, resulting from Plaintiffs' attorneys' use of a complaint from another matter to draft the complaint in this matter.

### ANSWER NO. 52

Defendant admits that in early 2019 it employed at least 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. Defendant denies the remaining allegations in Paragraph No. 52.

### PARAGRAPH NO. 53

At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

### ANSWER NO. 53

Defendant admits that it is an employer as that term is defined in 29 U.S.C. § 2101(a) and 20 C.F.R. § 639.3(a).  Defendant denies the remaining allegations in Paragraph No. 53.

### PARAGRAPH NO. 54

At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

### ANSWER NO. 54

Defendant denies the allegations in Paragraph No. 54.

### PARAGRAPH NO. 55

On or about January 31, 2019, Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

### ANSWER NO. 55

Defendant denies the allegations in Paragraph No. 55.

### PARAGRAPH NO. 56

The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty–three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

### ANSWER NO. 56

Defendant denies the allegations in Paragraph No. 56.

### PARAGRAPH NO. 57

The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

### ANSWER NO. 57

Defendant denies the allegations in Paragraph No. 57.

### PARAGRAPH NO. 58

The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

### ANSWER NO. 58

Defendant denies the allegations in Paragraph No. 58.

### PARAGRAPH NO. 59

Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

### ANSWER NO. 59

Defendant denies the allegations in Paragraph No. 59.

### PARAGRAPH NO. 60

Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

### ANSWER NO. 60

Defendant denies the allegations in Paragraph No. 60.

### PARAGRAPH NO. 61

The Plaintiff, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

### ANSWER NO. 61

Defendant denies the allegations in Paragraph No. 61.

### PARAGRAPH NO. 62

Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

### ANSWER NO. 62

Defendant admits that it did not pay Kreiner wages, salary, commissions, bonuses, health and life insurance premiums, holiday pay, or vacation for 60 days following his termination and did not provide him employee benefits for 60 days from and after his termination.  Defendant denies the remaining allegations in Paragraph No. 62.

### PARAGRAPH NO. 63

Inasmuch as the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Defendant's bankruptcy petition and which arose as the result of the Defendant's violation of federal law, Plaintiff's and the Class Members claims against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively, priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim.

### ANSWER NO. 63

Defendant denies the allegations in Paragraph No. 63 and denies that this matter may be properly maintained as a class action.

### Second Cause of Action:  Violation of the New York WARN Act

### PARAGRAPH NO. 64

Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

### ANSWER NO. 64

Defendant incorporates by reference its responses to Paragraph Nos. 1 to 63.

16

## PARAGRAPH NO. 65

At all relevant times, Defendant was an individual or public business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities as defined by NYLL § 860-A(3),(4).

## ANSWER NO. 65

Defendant admits that it was an employer as that term is defined under the NY WARN

Act.  Defendant denies the remaining allegations in Paragraph No. 65.

## PARAGRAPH NO. 66

On or about January 31, 2019, Defendant ordered mass layoffs and/or plant closings at its Facilities as defined by NYLL § 860-A(3),(4).

## ANSWER TO COMPLAINT NO. 66

Defendant denies the allegations in Paragraph No. 66.

## PARAGRAPH NO. 67

Plaintiff and the Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendant without cause on their part.

## ANSWER NO. 67

Defendant denies the allegations in Paragraph No. 67.

## PARAGRAPH NO. 68

Defendant was required by the NY WARN Act to give Plaintiff and the Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

## ANSWER NO. 68

Defendant denies the allegations in Paragraph No. 68.

## PARAGRAPH NO. 69

Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the NY WARN Act.

## ANSWER NO. 69

Defendant denies the allegations in Paragraph No. 69.

## PARAGRAPH NO. 70

Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## ANSWER NO. 70

Defendant admits that it did not pay Kreiner wages, salary, commissions, bonuses, holiday pay, or vacation for 60 days following his termination and did not make pension or 401(k) contributions, other than health insurance, for 60 days from and after his termination. Defendant denies the remaining allegations in Paragraph No. 70.

## PARAGRAPH NO. 71

The relief sought in this proceeding is predominately equitable in nature.

## ANSWER NO. 71

Defendant denies the allegations set forth in Paragraph No. 71.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Kreiner is not similarly situated to the class he purports to represent and therefore cannot serve as a class representative.

3.    Plaintiffs' claims and damages are barred in whole or in part because Defendant has complied with all applicable regulations of pertinent authorities.

4.      Plaintiffs' claims and damages are barred, in whole or in part, by the unforeseeable business circumstances exception in the WARN Act and the NY WARN Act.

5.      Plaintiffs' claims and damages are barred, in whole or in part, by Defendant's reasonable good faith belief that it was in compliance with the WARN Act and the NY WARN Act.

6.      Plaintiffs' claims and damages are barred, in whole or in part, because no plant closing or mass layoff has occurred in violation of the WARN Act or the NY WARN Act.

7.      Plaintiffs' claims and damages are barred, in whole or in part, to the extent that Plaintiffs seek to bring suit against entities other than Defendant, as they did not employ Plaintiff or those he seeks to purport to represent, and are not a "single employer" or otherwise liable under the WARN Act or the NY WARN Act.

8.      Plaintiffs' claims and damages are barred, in whole or in part, to the extent a release agreement was executed waiving claims against Defendant.

Defendant gives notice that it intends to rely on other affirmative defenses as they may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert those defenses.

Dated:  May 13, 2019                    Respectfully submitted,


By: */s/ Steven J. Reisman* _____
    **KATTEN MUCHIN ROSENMAN LLP**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:      sreisman@kattenlaw.com
            jerry.hall@kattenlaw.com
            cindi.giglio@kattenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I caused a true and correct copy of the foregoing to be served upon counsel of record via the ECF system.


May 13, 2019                                      */s/ Steven J. Reisman*